T.C. Summary Opinion 2001-108


UNITED STATES TAX COURT


DOROTHY A. WILSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3796-00S.                    Filed July 25, 2001.


Dorothy A. Wilson, pro se.

<u>Ross M. Greenberg</u>, for respondent.



PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, subsequent section references are to the Internal

Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes in the amounts of $1,339 and $1,744 and accuracy-related penalties under section 6662(a) of $267.80 and $348.80 for 1996 and 1997, respectively. After concessions,[1] the issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for her father and brother; (2) whether petitioner is entitled to a deduction for medical expenses; (3) whether petitioner is entitled to deductions from her real property rental activities in excess of the amounts allowed by respondent; and (4) whether petitioner is liable for the accuracy-related penalties.

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing her petition, petitioner resided in Lake Wales, Florida.

---

[1] For 1996, respondent determined that petitioner received interest income of $18. Respondent disallowed a charitable deduction of $1,826 for 1996. Respondent made various adjustments to petitioner's depreciation deductions related to her rental activities. Further, respondent disallowed suspended losses from previous years and losses generated in 1996 and 1997 as a result of the limitation under sec. 469.

Petitioner did not present evidence regarding these issues. As a result, petitioner is deemed to have conceded the items. Rules 142(a), 149(b); Burris v. Commissioner, T.C. Memo. 2001-49.

In 1994, petitioner's father, Joe Scott (Mr. Scott), suffered a stroke. Around the same period, Mr. Scott's wife had a heart attack and was placed into a nursing home. As a result of the stroke, Mr. Scott had memory loss and required in-home care and supervision. Mr. Scott moved in with petitioner. Petitioner purchased Mr. Scott's medication and eventually placed Mr. Scott in a full-care facility.

Petitioner's brother, James Ivey (Mr. Ivey), moved from New York to Florida, as Mr. Ivey had financial problems. Mr. Ivey resided in an apartment paid for by petitioner, and petitioner paid for some of Mr. Ivey's food.

During the period at issue, petitioner purportedly owned and managed residential properties. The four properties were (1) a house at 409 Washington Avenue, Lake Wales, Florida (Washington); (2) a condominium at 3440 Park Place, Tampa, Florida (Park Place); (3) a house at 83 Douglas Way, Frostproof, Florida (Douglas Way); and (4) an unknown structure at 62 Marshall Lane, Frostproof, Florida (Marshall Lane).

On her 1996 Federal income tax return, petitioner claimed a dependency exemption deduction for Mr. Scott and deducted $18,005[2] of medical expenses related to Mr. Scott. On her 1997

_____

[2] Petitioner deducted $19,337 less $1,332 (7.5 percent of adjusted gross income). Sec. 213(a).

Federal income tax return, petitioner claimed a dependency exemption deduction for Mr. Ivey.

For 1997,[3] petitioner reported income from rents of $3,720 for the Washington property, $3,000 for the Douglas Way property, and $1,800 for the Marshall Lane property.  Petitioner did not report income for the Park Place property.  Petitioner deducted the following relevant amounts for her various properties for tax years 1996 and 1997 on Schedules E:

| Property | 1996 | 1997 |
| --- | --- | --- |
| Washington: | | |
| Repairs | $2,200 | $2,150 |
| Taxes | 800 | 4,400 |
| Utilities | 480 | --- |
| Pest control | --- | 1,100 |
| Yard work | --- | 480 |
| | | |
| Park Place: | | |
| Rental expenses | 5,380 | 2,381 |
| | | |
| Douglas Way: | | |
| Repairs | 650 | 600 |
| Legal | 1,000 | --- |
| Auto | --- | 857 |
| Interest | --- | 3,900 |
| Pest control | --- | 400 |
| Yard work | --- | 1,000 |

---

[3]     The first page of petitioner's 1996 Federal income tax return indicates that petitioner reported a net loss of $6,337 on Schedule E, Supplemental Income and Loss.  However, the record does not contain the Schedule E.

| Property | 1996 | 1997 |
|----------|------|------|
| Marshall Lane: | | |
| Repairs | $2,000 | $1,000 |
| Auto | --- | 857 |
| Interest | --- | 4,500 |
| Taxes | --- | 4,000 |
| Yard work | --- | 380 |

On February 3, 2000, respondent mailed by certified mail a notice of deficiency regarding tax years 1996 and 1997. In his notice, respondent disallowed the dependency exemption deductions on the basis that petitioner failed to establish that she provided more than one-half of the support for each claimed dependent. Respondent also disallowed the deduction for medical expenses based upon a failure to substantiate the expenses.

Respondent also disallowed all of the above-listed expenses for 1996 for all of the properties. Respondent allowed interest expenses of $6,795 for the Douglas Way property and $3,737 for the Marshall Lane property. Petitioner did not claim these interest deductions on her 1996 Federal income tax return.

As for 1997, respondent disallowed all of the above-listed expenses for the Washington and Park Place properties. Respondent disallowed $514 of the auto expense and the remaining above-listed expenses for the Douglas Way property. Respondent also disallowed $514 of auto expenses, $3,284 of taxes, and the remaining above-listed expenses for the Marshall Lane property. Respondent allowed an additional interest deduction of $1,070 for

the Douglas Way property and an additional insurance deduction of $250 for the Marshall Lane property.

As to the Park Place property, respondent argues that petitioner did not own or manage the property in 1996 and 1997. As to the other properties, respondent contends that petitioner did not substantiate the remaining deductions.

Discussion

1. Dependency Exemption Deductions

A taxpayer is permitted to claim as a deduction an exemption amount for certain dependents.  Sec. 151(a), (c)(1).  A taxpayer's father and brother qualify as dependents so long as the taxpayer provided more than half of the support to each dependent.  Sec. 152(a)(3) and (4); sec. 1.152-1(a)(1), Income Tax Regs.

The level of support is determined by the support test, in which the total amount of support from all sources is compared with the amount of support actually provided by a taxpayer.  The taxpayer must initially demonstrate, by competent evidence, the total amount of the support furnished by all sources for the taxable years at issue.  Turay v. Commissioner, T.C. Memo. 1999-315; Keegan v. Commissioner, T.C. Memo. 1997-511; sec. 1.152-1(a)(2)(i), Income Tax Regs.  If the total amount of support is not established, then it is generally not possible to conclude that the taxpayer provided more than half of the support to the

claimed dependent.   Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); Batson v. Commissioner, T.C. Memo. 2000-172; Butler v. Commissioner, T.C. Memo. 1998-355; Smith v. Commissioner, T.C. Memo. 1997-544.

While petitioner provided some aid to her father and brother, we cannot conclude that petitioner provided more than one-half of the support for either of them.  We are unsure as to the total amount of support her father and brother received from all sources.  The record is also silent as to the amount of support each received from petitioner.  Therefore, respondent's determination is sustained.

2. Medical Expenses

A taxpayer may deduct expenses incurred for medical and dental expenses of a dependent (as defined in section 152) to the extent that the expenses exceed 7.5 percent of the taxpayer's adjusted gross income.  Sec. 213(a).

Petitioner deducted medical expenses of $18,005 relating to the medical care of her father.  For the reasons set forth above, petitioner's father does not qualify as her dependent pursuant to section 152.  Petitioner is not entitled to deduct her father's medical expenses.  Even if petitioner's father qualified as a dependent, petitioner failed to satisfy the substantiation requirements of section 1.213-1(h), Income Tax Regs. Accordingly, we sustain respondent's determination.

### 3. Schedule E Deductions

Section 212 provides a deduction for all ordinary and necessary expenses paid or incurred with respect to management, conservation, and maintenance of property held for production of income, including real property.  Sec. 1.212-1(h), Income Tax Regs.

A taxpayer is required to maintain records sufficient to establish the amount of his income and deductions.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.  A taxpayer must substantiate his deductions by maintaining sufficient books and records to be entitled to a deduction under section 212.

When a taxpayer establishes that he has incurred a deductible expense, but is unable to substantiate the exact amount, we are, in some circumstances, permitted to estimate the deductible amount.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  We can estimate the amount of the deductible expense only when the taxpayer provides evidence sufficient to establish a rational basis upon which the estimate can be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

The record is void of adequate receipts, records, or other evidence that would provide a rational basis upon which an estimate could be made.  Therefore, petitioner is not entitled to deductions in excess of the amounts permitted by respondent.

4. Accuracy-Related Penalty

Respondent determined that petitioner is liable for accuracy-related penalties under section 6662(a) for 1996 and 1997.  The accuracy-related penalty is equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations.  Sec. 6662(a) and (b)(1). "Negligence" consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code.  Sec. 6662(c).  "Disregard" consists of any careless, reckless, or intentional disregard.  Id.

An exception applies to the accuracy-related penalty when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to such underpayment.  Sec. 6664(c).  Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances.  The most important factor is the extent of the taxpayer's effort to assess the proper tax liability.   Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.  Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances,

including the experience, knowledge, and education of the taxpayer." <u>Neely v. Commissioner</u>, 85 T.C. 934 (1985).

It is the taxpayer's responsibility to establish that he is not liable for the accuracy-related penalty imposed by section 6662(a). Rule 142(a); <u>Tweeddale v. Commissioner</u>, 92 T.C. 501, 505 (1989).

On the basis of the entire record, we conclude petitioner has not established that the underpayment was due to reasonable cause or that petitioner acted in good faith. Accordingly, we hold petitioner is liable for the accuracy-related penalties.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.